UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GARY F. McCRAE | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-335 |
| | ) | NO. 2:03-CR-74 |
| UNITED STATES OF AMERICA | ) | Judge Greer |
| | ) | |

## **MEMORANDUM OPINION**

Gary F. McCrae ("petitioner" or "McCrae"), a federal prisoner, has filed a "Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody." [Doc. 1, 432]. The United States has responded in opposition [Doc. 6, 433] and the matter is now ripe for disposition. The Court has determined that the answer, transcripts and the record of prior proceedings in the case conclusively establish that petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be denied.

**I.     Procedural and Factual Background**

McCrae, along with more than a dozen other defendants, was indicted by the federal grand jury on September 23, 2003, on a host of drug offenses. McCrae entered

a plea of guilty on May 24, 2004, to Count 1 of the 204 count indictment, which charged him with engaging in a continuing criminal enterprise involving the distribution of crack cocaine in violation of 21 U.S.C. § 848. A Presentence Report ("PSR") was ordered and provided to the parties. The probation officer found, pursuant to USSG § 2.D1.5(a), that petitioner's offense adjusted offense level was 42, less a three level reduction for acceptance of responsibility, resulting in a total offense level of 39. Based upon a total offense level of 39 and a criminal history category of V, petitioner's guideline range was 360 months to life imprisonment. Petitioner was subject to a statutory mandatory minimum sentence of twenty years.

As part of his negotiated plea agreement, petitioner stipulated that from approximately January, 2000, to on or about September 23, 2003, defendant engaged in a continuing criminal enterprise in which he was responsible for the distribution of at least 292 ounces of crack cocaine in the Eastern District of Tennessee. He further agreed that in furtherance of this continuing criminal enterprise he engaged in a continuing series of drug distribution activities resulting in significant monetary gain and that he occupied a position of leadership and organizer for at least five individuals who assisted him in criminal activity. In addition, the agreed factual basis provided as follows:

> 1. During the period charged, defendant McCrae distributed significant quantities of crack cocaine to various

individuals in the Eastern District of Tennessee. Defendant McCrae organized a network of eight individuals to distribute crack cocaine for him.

2. During the period charged, defendant McCrae transported as much as 36 - 50 ounces of crack cocaine per week from North Carolina into the Eastern District of Tennessee. Defendant McCrae directed individuals to travel from the Eastern District of Tennessee to North Carolina to pick up multiple ounces of crack cocaine that they then transported back to Tennessee for further distribution. Two of these individuals have admitted to traveling to North Carolina to pick up supplies of crack cocaine two times per week for a three-month period where they picked up from nine to twenty-two ounces of crack cocaine per trip. Other individuals, acting at defendant McCrae's direction, assisted in breaking down and packaging the crack cocaine into distribution quantities.

3. Defendant McCrae directed at least three individuals to wire transfer drug proceeds to North Carolina to pay for crack cocaine. During the period charged, law enforcement agents documented 165 Western Union wire transfers totaling more than $100,000.00 that were sent to crack cocaine suppliers to pay for crack cocaine purchases or to pay for crack cocaine previously obtained. Additionally, defendant McCrae and others who were acting at his direction carried cash from the Eastern District of Tennessee to North Carolina to pay for crack cocaine. On occasion, defendant McCrae carried cash to the supplier in North Carolina.

4. Defendant McCrae utilized the residence of his assistants to process powder cocaine into crack cocaine. On one occasion defendant McCrae used an assistant's residence to cook a half-kilogram of cocaine into crack cocaine, resulting in multiple ounces as a final product.

No objections to the PSR were filed by either the petitioner or the United States. On December 3, 2004, the United States filed a motion pursuant to USSG § 5K1.1 for a downward departure based upon petitioner's substantial assistance. The motion was granted and McCrae was sentenced, on December 13, 2004, to a sentence of 288 months of imprisonment. Judgment was entered on January 7, 2005, and no direct appeal was filed. On December 19, 2005, petitioner timely filed the instant § 2255 motion.

**II.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255(b). Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,*

285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996).

### III. Analysis and Discussion

In his § 2255 motion, McCrae asserts three grounds. He claims: (1) actual and factual innocence of a violation of 21 U.S.C. § 848, (2) ineffective assistance of counsel

during plea negotiations because his attorney "should have tried to get a plea for the lesser included offense *i.e.*, 21 U.S.C. § 846, and (3) that his plea was "not entered knowingly, willingly, and intelligently entered concerning the elements necessary for the charge." The Court will address each of these grounds separately.

1.  **Actual Innocence / Necessary Elements**

As his first ground, petitioner alleges: "Actual and Factual Innocence of a violation of Title 21 U.S.C. § 848." As supporting facts, he states: "At the time of the petitioner's plea, the Court, Prosecutor, Defense Attorney, and the Defendant did not fully understand the necessary elements which were necessary to sustain a conviction under 21 U.S.C. § 848."

This claim lacks merit for numerous reasons. As an initial matter, the United States correctly notes that the petitioner has waived this argument in two ways. First, an unconditional plea of guilty waives all non-jurisdictional defects and operates as an admission of actual and factual guilt. *See United States v. Broce*, 488 U.S. 563, 574-75 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Second, petitioner expressly waived the right to collaterally attack his conviction in the plea agreement.

The plea agreement entered into by the petitioner in this case provides, in part, as follows: "In return for the concessions made by the government in this agreement the defendant is pleading guilty voluntarily and with an understanding of the consequences

of his plea of guilty, including sentencing. Therefore, the defendant knowingly and voluntarily agrees to waive any rights he may have to file any post conviction motions or pleadings pursuant to Title 28 United States Code, Section 2255.[1] Specifically, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea(s) being offered in the instant case." Plea Agreement, ¶ 14.

During the Rule 11 colloquy in this case, McCrae was specifically advised of the waiver provisions in his plea agreement, he acknowledged under oath that he understood the waiver and he acknowledged that he had discussed the waiver with his attorney. The Sixth Circuit has held such a waiver provision to be binding and enforceable and a basis for dismissing petitioner's collateral attack. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (defendants may "waive any right, even a constitutional right," by means of a plea agreement, quoting *United States v. Flemming*, 239 F.3d 761, 763 (6th Cir. 2001)).

Petitioner's claim is also subject to dismissal because he fails to set forth any facts in his petition which would entitle him to relief. He pleads no facts which would establish, or even suggest, his actual innocence of a violation of 21 U.S.C. § 848 nor does he elaborate on his claim that neither he, his attorney, the prosecutor nor the Court fully understood the necessary elements to sustain a conviction under 21 U.S.C. § 848.

---

[1] The plea agreement did permit petitioner to raise claims of ineffective assistance of counsel not known to him at the time of entry of his guilty plea.

In fact, his claim that he did not fully understand the necessary elements to sustain a conviction under 21 U.S.C. § 848 is contradicted by the record.

Petitioner's plea agreement correctly sets out the elements of a violation of 21 U.S.C. § 848 and defendant "acknowledges that in order to be convicted of Count I, a violation of Title 21, United States Code, Section 848, the United States must prove beyond a reasonable doubt that the defendant knowingly and intentionally (1) committed a felony violation of Title 21, United States Code, (2) that such violation was part of a continuing series of violations of Title 21, United States Code, (3) that the violations were undertaken in concert with five or more persons with respect to whom the defendant occupied a position of organizer, supervisor, or manager, and (4) from which the defendant obtained substantial income or resources on or about the dates charged within the Eastern District of Tennessee." Plea Agreement, ¶ 11. *See United States v. Burns*, 298 F.3d 523, 535 (6th Cir. 2002), *cert. denied*, 538 U.S. 953 (2003). Furthermore, the plea agreement acknowledged that the petitioner had read the indictment and that his attorney had fully explained the nature of the charges, as well as any defenses that he might have.

During the Rule 11 colloquy on May 24, 2004, McCrae acknowledged, under oath, that he had read and signed the plea agreement, that his attorney had explained the terms and conditions of the plea agreement and that he "fully underst[ood] all the terms

8

and conditions" of his plea agreement. He acknowledged that he had been advised by his attorney as to the nature and meaning of the charges against him, that he had read the indictment, and that he had been advised by his attorney "as to each and every element of the offense which the government must prove beyond a reasonable doubt in order to obtain a conviction." He further acknowledged that he understood what the government must prove in order to establish those elements. Likewise, petitioner's counsel acknowledged that he was satisfied that McCrae understood the elements of the offense charged.

Attached to the petitioner's plea agreement was an "Agreed Factual Basis" which contained a stipulation of facts which established each element of the offense. McCrae acknowledged, once again under oath, that he had read the agreed factual basis, agreed with it, that everything in the agreed factual basis was true and that he had signed it.

Lastly, petitioner has procedurally defaulted this claim. A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default

9

and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner makes no attempt to show either cause for the default or actual prejudice, but rather appears to argue his actual innocence. However, as set forth above, his conclusory allegations, without supporting facts, are insufficient to establish his actual innocence of the offense of conviction.

### 2. Guilty Plea Entered Knowingly, Willingly And Intelligently

As set forth above, McCrae also claims "actual and factual innocence due to my plea to the CCE count was not entered knowingly, willingly, and intelligently entered concerning the elements necessary for the charge." As supporting facts for this ground, he alleges "petitioner did not know that he had a right to due process to have the government to prove the three-continuing series of violations that constituted the CCE Statute."

Petitioner's claim is difficult to understand. To the extent that he claims his plea was not knowing or voluntary in that he did not know that a conviction under 21 U.S.C. § 848 required proof of a continuing series of drug offenses, his contention is, as set forth above, contradicted by the record. McCrae admitted, under oath, to committing dozens of violations of Title 21, United States Code. For instance, McCrae admitted that during the period charged, *i.e.* January 2000 – September 23, 2003, he transported 36 to 50 ounces of crack cocaine <u>per week</u> from North Carolina to the Eastern District

of Tennessee. Each of these weekly events was part of a continuing series of violations of Title 21, United States Code.

Likewise, a review of the transcript of the Rule 11 colloquy establishes that this Court followed all of the requirements of Fed. R. Crim. P. 11 and the Court's finding that the defendant had offered to plead guilty knowingly and voluntarily is clearly supported by the record. McCrae's rights were fully explained to him, he acknowledged that he understood his rights and the nature of the charges against him, that he understood the nature of the charge he was pleading guilty to and that he was offering to plead guilty because he was in fact guilty of engaging in a continuing criminal enterprise. The plea colloquy clearly establishes McCrae's competence to plead guilty and that he was not under the influence of narcotics, other drugs or alcohol. McCrae acknowledged that he understood that he was "giving up the right to require the United States to prove [him] guilty beyond a reasonable doubt at a trial, that he had not been pressured by any person to force him to plead guilty in the case and that no promises, other than those contained in the plea agreement, had been made to him by any officer or agent of the government. The record in this case clearly establishes that petitioner's plea of guilty was entered knowingly and voluntarily and that he specifically acknowledged that he understood that he was giving up the right to require the United States to prove him guilty.

Additionally, as set forth above, petitioner is required to plead sufficient facts to show his entitlement to relief. He has not done so with respect to this claim. He pleads no facts which would establish that his guilty plea was involuntarily entered or that he did not, in fact, understand the elements of the offense. Even if he could establish some misunderstanding of the elements of the offense, petitioner could establish no prejudice because he admitted facts more than sufficient to establish all of the required elements of the offense. He has also waived the claim and has also procedurally defaulted the claim that his plea was not knowingly and voluntarily entered by failing to raise it on direct appeal. As with the issue discussed above, he makes no effort to show either cause or prejudice for the default and his conclusory claim of actual innocence is insufficient.

### 3. Ineffective Assistance of Counsel

Lastly, McCrae claims that he received ineffective assistance of counsel during his plea negotiations because his attorney should have tried to get a plea for a lesser offense, i.e., a violation of 21 U.S.C. § 846. As supporting facts, he states: "My attorney had me to enter into a plea agreement which the term of imprisonment for the § 848 began with a mandatory minimum of 20 years verses the § 846 charge which carried only a mandatory minimum of either 5 or 10 years."

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established

the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements; (1) counsel's performance was deficient, *i.e.,* counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defendant, *i.e.,* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Id.* at 689-90. A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy,* 99 F.3d 1302, 1311(6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56,59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a bare assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d

110, 118 (3rd Cir. 1995). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' " *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), *quoting Strickland*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

McCrae has presented no evidence that his counsel's performance with respect to negotiating a plea bargain was deficient in any way. Nor has he established that any constitutional right was at stake. *See United States v. Gonzalez-Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) ("'there is no constitutional right to plea bargain'") (quoting *Weatherford v. Bursey*, 429 U.S. 545, 561 (1997)). "The successful negotiation of a plea agreement involves factors beyond the control of counsel . . . including the cooperation of the prosecutor, who has no obligation to offer such an agreement." *United States v. Hall*, 212 F.2d 1016, 1022 (7th Cir. 2000). The Sixth Circuit has held that "[t]he alleged denial of an opportunity to plea bargain does not permit collateral relief under § 2255." *Anderson v. United States*, 2000 WL 1256902 *2 (6th Cir., July 11, 2000) (unpublished decision) (citing *Weatherford v. Bursey*).

McCrae has not alleged that he instructed his counsel to explore a plea to a § 841

14

offense, nor is there any evidence that the government would have offered such a plea. In fact, the government's response states unequivocally that the United States would not have accepted such a plea agreement. Likewise, McCrae has not alleged, even in a conclusory fashion, that but for the alleged ineffective assistance of counsel, he would not have pled guilty but would have chosen to go to trial. Given that McCrae has no constitutional right to a plea bargain, nor can he demonstrate any prejudice, his claim of ineffective assistance of counsel for failure to negotiate a plea agreement lacks merit.

## IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and his petition **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must decide whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be

considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each issue raised by him.

A separate order will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE